```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| JABER & SON'S, INC. D/B/A DOLLAR MART | CIVIL ACTION |
| VERSUS | NO: 06-9000 |
| BANKERS INSURANCE CO., ET AL. | SECTION: "A" (3) |

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by plaintiff Jaber & Son's, Inc. d/b/a Dollar Mart. Defendant Bankers Insurance Co. opposes the motion. The motion, set for hearing on January 10, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.  BACKGROUND

Jaber & Son's, Inc. d/b/a Dollar Mart ("Plaintiff") initiated this suit in state court against Bankers Insurance Co. ("Bankers"). Plaintiff alleges that its business property located in Chalmette, Louisiana sustained severe wind and rain damage, prior to any rising flood waters, during Hurricane Katrina. (Pet. ¶ VI). Plaintiff alleges that Bankers has failed to honor its business insurance policy--making only "partial insignificant payments." (Pet. ¶ X). Plaintiff alleges that the wind driven rain caused "substantial and total destruction" to the interior of the building and likewise to certain personal property located on the premises. (Id. ¶ VI). Plaintiff seeks the limits of its policy under Louisiana's Valued

Policy Law ("VPL"), as well as statutory penalties and attorney's fees under Louisiana law, La. R.S. § 22:658; La. R.S. § 22:1220, consequential damages, and damages for emotional distress. Plaintiff has also sued Gallodoro Insurance Agencies, Inc., a Louisiana citizen, alleging *inter alia* that Gallodoro failed to provide adequate information about the policy.  (Pet. ¶ XIX). Plaintiff is likewise a Louisiana citizen.

Bankers removed the suit alleging jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction.  Bankers asserts that Gallodoro has been improperly joined to defeat federal jurisdiction because the claims against this party are perempted.

Plaintiff moves to remand the case to state court.  Plaintiff argues that remand is required because the amount in controversy does not exceed $75,000.

## II. DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  <u>In re North American Philips Corp.</u>, 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  <u>Id.</u>  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor

of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

The Court assumes without deciding that Plaintiff's claim against Gallodoro is perempted and that Gallodoro's citizenship does not affect removal.  Nevertheless, Plaintiff's business policy with Bankers has a damage limit of $50,000.   (Exh. A., Rem. Ntc.). Plaintiff contends that Bankers has made only "insignificant"

3

payments to date and Plaintiff has invoked Louisiana's VPL to seek full policy limits.  However, the record gives no indication whatsoever of the true "insignificance" of the prior payments. Consequently, the Court has no basis upon which to determine the balance of the policy limits except that it falls somewhere below $50,000.  Moreover, given the low policy limit involved here and the lack of any information regarding payments made to date, the Court is unwilling to assume that the claim for penalties, attorney's fees, and consequential damages will be enough to satisfy the jurisdictional minimum.

In sum, Bankers has not met its burden of establishing that the amount in controversy at the time of removal exceeded $75,000.00. The case must be remanded.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 3)** filed by plaintiff Jaber & Son's, Inc. d/b/a Dollar Mart should be and is hereby **GRANTED**.  This case is remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction.

January 22, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE